IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENNY WILLIAMS,

    Petitioner,                    No. CIV S-07-2077 GEB GGH P

    vs.

SUE HUBBARD, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2000 conviction for auto theft. Pursuant to the Three Strikes Law, he is serving a sentence of 25 years to life.

        Petitioner filed the original petition on October 3, 2007. This action is proceeding on the amended petition filed May 5, 2008, raising two claims: 1) the Three Strikes Law as applied to petitioner violated the Equal Protection Clause; 2) petitioner's sentence violates the Eighth Amendment.

        Pending before the court is respondent's June 18, 2008, motion to dismiss on grounds that this action is barred by the statute of limitations. For the following reasons, the court recommends that respondent's motion be granted.

/////

1  The statute of limitations for federal habeas corpus petitions is set forth in 28
2  U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The California Supreme Court denied petitioner's petition for review on June 12, 2002. Respondent's Lodged Documents 3-4. Petitioner's conviction became final 90 days later on September 10, 2002, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). Petitioner had one year from that date to file a timely federal petition. The instant action is not timely unless petitioner is entitled to statutory or equitable tolling.

28 U.S.C. § 2254(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Petitioner filed his first state habeas petition on January 18, 2007. Respondent's Lodged Document 5. Because he filed this petition after the limitations period had run, he is not entitled to statutory tolling. Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001).

1  The court now considers whether petitioner is entitled to equitable tolling. The one year statute of limitations for filing a habeas petition may be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The prisoner must show that the "extraordinary circumstances" were the cause of his untimeliness. Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003). "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Id. Determining whether equitable tolling applies is a "fact-specific" inquiry. Fry v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

In the amended petition, petitioner argues that he is entitled to equitable tolling because, until recently, he was proceeding pro se. However, neither ignorance of the law nor illiteracy constitute extraordinary circumstances to warrant equitable tolling. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.2006); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).

Petitioner also argues that he is entitled to equitable tolling based on his mental incompetence. "Where a habeas petitioner's mental incompetency in fact caused him to fail to meet his AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline should be equitably tolled." Laws v. LaMarque, 351 F.3d 919, 923 (9th Cir. 2003); see also Calderon v. U.S. Dist. Court for Cent. Dist. Of Cal. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (mental incompetency considered an extraordinary circumstance beyond the prisoner's control) (overruled on other grounds by Woodford v. Garceau, 538 U.S. 202, 206, 123 S.Ct. 1398 (2003)). A petitioner's mental illness tolls the limitations period only if "the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996).

\\\\\

In support of this claim, petitioner refers to his sworn affidavit attached to the amended petition as exhibit B. In this affidavit petitioner states, in relevant part,

> 11. After I was convicted I was shocked; I was sure that my appeal would win, especially because of my extraordinarily harsh sentence. In 2002 when my appeals were denied I was devastated. After that, I fell into some sort of me[n]tal coma. Nothing seemed to make sense; I did not have the ability or power to think and draw conclusions. Year after year I laid wasted in my cell by disease and in deep depression, in shock and hurt. I did not have the ability to seek any type of help.
>
> 12. My illness had physical symptoms and around that time I began to have acute arthritis in both of my knees.
>
> 13. Finally in late 2006, the number 3 appeared before my eyes and I heard a voice saying "Do not fear any of the things which you have suffered–death, mental illness, tribulation and condemnation–indeed you have been persecuted 3 scores and 3 thrown into prison cause of reason for condemning has been pronounced guilty of a crime of actual innocence. You may be tested. Expose the wrong and I will give you the crown of victory."
>
> 14. I believe that the three represented the illegal three strikes law that I am being persecuted under. After that I began pursuing my habeas petition in state court.[1]

Petitioner argues that the medical records attached to the amended petition as exhibit C support his claim that his physical condition prevented him from filing a timely federal petition. These records demonstrate that petitioner has hepatitis C. These records do not demonstrate that petitioner was diagnosed with depression, or any other mental illness, related to his hepatitis C.

In the motion to dismiss, respondent argued that petitioner's claim of mental illness in support of equitable tolling in the amended petition was not sufficiently supported. In his July 29, 2008, opposition to the motion to dismiss, petitioner requested leave to conduct further factual development and to seek an evidentiary hearing to develop the record with respect

---

[1] While it is true that petitioner's latest conviction was relatively minor, petitioner's record includes two convictions for second degree murder (for which he received less than ten years imprisonment given the state of California law at the time) followed by a conviction of armed robbery. It is highly doubtful that petitioner has a legitimate Eighth Amendment case given his record.

4

to equitable tolling.

In support of the August 21, 2008, reply to the opposition, respondent lodged what she claims are a copy of petitioner's entire mental health record since his incarceration with the California Department of Corrections. <u>See</u> Lodged Document 22. Respondent argues that these records reflect that petitioner was never included in the mental health treatment population on either an inpatient or outpatient basis. Respondent also argues that there are no mental health records for the period of time the one year statute of limitations was pending.

The mental health records submitted by respondent are not accompanied by a declaration from a person with knowledge that these records are petitioner's entire mental health record since his incarceration. Nevertheless, the court has reviewed the records and finds that they include no evidence of serious mental illness. The records reflect that in May 2002, the time when petitioner claims to have been in "some sort of coma," he was cleared for the general population, was well groomed and quite articulate.

On August 27, 2008, petitioner filed a motion to continue the hearing on respondent's motion to dismiss originally set for September 4, 2008. Petitioner requested that the hearing be continued to January 8, 2009, because on August 25, 2008, counsel had received written authorization from the court for expert services to further substantiate his claim for equitable tolling. On September 5, 2008, the court granted this motion.

On January 6, 2009, the parties submitted a stipulation to waive oral argument on respondent's motion and to submit the matter on the record and briefs. Petitioner did not submit a report from the expert referenced in the August 27, 2008, motion to continue. Nor did petitioner submit a motion for evidentiary hearing.

The only evidence submitted by petitioner in support of his claim that his mental illness prevented him from filing a timely federal petition is his declaration. However, petitioner's self-described "mental coma" is not sufficient to justify an evidentiary hearing. Petitioner must allege specific facts, not merely conclusions in order to be entitled to an

1  evidentiary hearing.  Whittaker v. McDaniel, 2008 WL 565024 (9th Cir. 2008), citing Coleman
2  v. McCormick, 874 F.2d 1280, 1284-85 (9th Cir. 1989) (en banc).  Nor is there any evidence, to
3  the extent petitioner makes such an argument, that hepatitis C otherwise impeded his ability to
4  prepare his federal petition.
5         Petitioner has not presented sufficient evidence that a mental illness prevented
6  him from managing his affairs and thus from understanding his legal rights and acting upon
7  them. Accordingly, the court finds that petitioner is not entitled to equitable tolling.
8         Because petitioner's application is barred by the statute of limitations, the motion
9  to dismiss should be granted.
10         Accordingly, IT IS HEREBY RECOMMENDED that respondent's June 18, 2008,
11  motion to dismiss (no. 16) be granted.
12         These findings and recommendations are submitted to the United States District
13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
14  days after being served with these findings and recommendations, any party may file written
15  objections with the court and serve a copy on all parties.  Such a document should be captioned
16  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
17  shall be served and filed within ten days after service of the objections.  The parties are advised
18  that failure to file objections within the specified time may waive the right to appeal the District
19  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
20  DATED: January 16, 2009

                              /s/ Gregory G. Hollows
                              _____
                              UNITED STATES MAGISTRATE JUDGE

24  will2077.mtd